989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lynn David JORDAN, Plaintiff-Appellant,
v.
POCAHONTAS COUNTY SHERIFF'S DEPARTMENT; Jerry Dale, Sheriff
of Pocahontas County, West Virginia; William McLaughlin;
M. C. Doss, Deputy; David Walton, Deputy; Ronald Lee
Simmons, Sr., Deputy; Defendants-Appellees,
and
POCAHONTAS COUNTY COMMISSION, Defendant.
 No. 92-6700.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 8, 1992
Decided: March 22, 1993
 
 Appeal from the United States District Court for the Northern District of Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-90-54-E-M)
 Lynn David Jordan, Appellant Pro Se.
 Harry Patton Waddell, Steptoe & Johnson, Clarksburg, West Virginia, for Appellees.
 Before WILKINSON, Circuit Judge, and SPROUSE and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Lynn David Jordan appeals from the district court's order denying relief under 42 U.S.C. § 1983. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Jordan v. Pocahontas County Sheriff's Dep't, No. CA-90-54-E-M (N.D. Va. June 5, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The district court found that a West Virginia prisoner has no liberty interest in serving his sentence within the state. The district court cited Olim v. Wakinekona, 461 U.S. 238 (1983), which held that there is no liberty interest in being incarcerated in a particular state unless a state statute or regulation creates such a liberty interest. The West Virginia Constitution creates such an interest. W. Va. Const. art. III, § 5; see Ray v. McCoy, 321 S.E.2d 90, 92 (W. Va. 1984). However, this does not affect the outcome of this case because Jordan was not transferred out of state to serve his sentence, but merely taken for a day trip to another state to testify. The trip does not violate the protections that Ray seeks to maintain